Michael A. Shimokaji (Bar No. 94797)
Email: mshimokaji@shimokaji.com
SHIMOKAJI & ASSOCIATES, P.C.
8911 Research Drive
Irvine, CA 92618
(949) 788-9961
(949) 788-9969 - fax

Attorneys for Plaintiff
Sang Shin

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG SHIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SPOHN GLOBAL ENTERPRISES LLC, dba ZIPPY WELLNESS, a Florida limited liability company, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT FOR:** <br> **1. TRADEMARK INFRINGEMENT** <br> **2. FALSE DESIGNATION OF ORIGIN** <br> **3. UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SANG SHIN ("Plaintiff") hereby complains against defendant SPOHN GLOBAL ENTERPRISES LLC dba ZIPPY WELLNESS ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, false designation of origin, and unfair competition. This action arises under the Trademark Act, Title 15 U.S.C. § 1051 et seq., and statutory and common law of the State of California.

2. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1338. The claims for common law trademark infringement and unfair competition are substantially related to the claims for registered trademark infringement and false designation of origin. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. On information and belief, Defendant regularly conducts and solicits business, engages in other forms of conduct, and derives substantial revenue from doing business in this judicial district. Moreover, a substantial part of the events giving rise to Plaintiff's claims arose in this District. Accordingly, venue is proper under 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff is an individual residing in Orange County, CA.

5. Upon information and belief, Defendant is a limited liability company existing under the laws of Florida, and having its principal place of business in Sunrise, FL.

6. Upon information and belief, Defendant does business under the fictitious business name of ZIPPY WELLNESS, Defendant does business in this judicial district, and has committed acts of infringement complained of herein in this judicial district.

## BACKGROUND

7. Plaintiff is the sole owner of the following registered US trademark ("Plaintiff's Registered Trademark"):

- Registration No. 4,514,214 for the word mark Dtoxa Cell, registered on April 15, 2014 in International Class 011 for the following goods: electric bath-water purifying apparatus for household purposes, and portable foot baths for use in pedicure salons and day spas.

8.   Since at least January 1, 2009, Plaintiff has used Plaintiff's Registered Trademark in connection with his goods that include electric bath-water purifying apparatus for household purposes, and portable foot baths for use in pedicure salons and day spas.  Plaintiff continues to sell such goods in the United States under Plaintiff's Registered Trademark.

9.   Despite Plaintiff's Registered Trademark, Defendant continues to use the mark Dtoxa Cell, and/or variations thereof, in connection with Defendant's offer to sell and sale of goods, including portable foot baths.  Exhibit 1 hereto depicts Defendant's infringing use of the mark Dtoxa Cell.

## COUNT ONE
### (Infringement of Registered Trademark)

10.   Plaintiff re-alleges and reincorporates the allegations set forth in paragraphs 1 through 9.

11.   Plaintiff's Registered Trademark on the Principal Register of the USPTO evidences the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark, under 15 U.S.C. § 1115.

12.   Defendant's unauthorized use of Plaintiff's Registered Trademarks is likely to cause confusion because the relevant consuming public is likely to believe that Defendant's goods emanate from, are sponsored by, or are authorized by Plaintiff.

13.   On information and belief, Defendant had knowledge of Plaintiff's prior use, and of Plaintiff's Registered Trademark, but nevertheless used and continued to use Plaintiff's Registered Trademark without authorization and in disregard of Plaintiff's rights.

14.   On information and belief, Defendant's infringement of Plaintiff's Registered Trademark was and is willful with the intent of trading on Plaintiff's goodwill and reputation.

15.   Defendant's infringement of Plaintiff's Registered Trademark has

irreparably damaged Plaintiff's valuable goodwill and reputation and, unless enjoined, will continue to adversely affect Plaintiff's business conducted in connection with Plaintiff's Registered Trademark.

16.     On information and belief, Defendant has profited from its unauthorized use of Plaintiff's Registered Trademark.

17.     Plaintiff has suffered the loss of sales and profits that Plaintiff would have made but for Defendant's acts.

18.     The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

19.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though set forth fully here.

20.     The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin)

21.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though set forth fully here.

22.     Defendant's use of Plaintiff's Registered Trademark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a). Defendant has used Plaintiff's Registered Trademark in a way that is likely to cause confusion, mistake, and deception among the public and trade, all of whom will be led to erroneously believe that Defendant's goods are produced, provided by, approved of, or otherwise affiliated or associated with Plaintiff.

23.     On information and belief, in selecting and continuing to use Plaintiff's

Registered Trademark in connection with its goods, Defendant intends to misrepresent the origin of its goods and services and to trade on Plaintiff's goodwill and reputation.

24. Plaintiff has no adequate remedy at law. By misappropriating Plaintiff's Registered Trademark, Defendant has irreparably injured and is likely to continue to irreparably injure Plaintiff's business reputation, and Plaintiff is entitled to injunctive relief to prevent future harm and to damages in an amount according to proof.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint as if fully stated here.

26. This count arises under the common law of unfair competition of the State of California.

27. Defendant's activities alleged above constitute unfair competition.

28. Plaintiff has no adequate remedy at law for Defendant's acts of unfair competition and is thus entitled to injunctive relief prohibiting Defendant from continuing to infringe Plaintiff's common law trademark rights, from continuing to engage in unfair competition, and from otherwise using the Plaintiff's Registered Trademark.

29. On information and belief, Defendant's acts of unfair competition were unlawful and willful with the intent to trade on Plaintiff's goodwill and consistency, Plaintiff is entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition Under California Business and Professions Code § 17200 et seq.)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint as if fully stated here.

31. Defendant's acts as alleged above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, under California Business and Professions Code § 17200 et seq. Defendant's unlawful conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiff.

32. Plaintiff has no adequate remedy at law for Defendant's unlawful conduct, and thus is entitled to permanent injunctive relief prohibiting Defendant from continuing to engage in that conduct.

33. Plaintiff is also entitled to restitution and disgorgement of Defendant's profits that resulted from Defendant's unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant for the following relief:

1  That this Court declare:

    a. That it has jurisdiction over the parties and the subject matter of this action;

    b. That Plaintiff is the sole owner and has the exclusive right to use Plaintiff's Registered Trademark in connection with electric bath-water purifying apparatus for household purposes, and portable foot baths for use in pedicure salons and day spas;

    c. That Defendant has committed acts of trademark infringement by its importation, offers for sale, and sales of goods bearing Plaintiff's Registered Trademark; and

    d. That Defendant has committed acts of unfair competition.

2. That a permanent injunction be issued enjoining Defendant, its agents, employees, and representatives and all persons acting in concert or in privity with any of them from:

    a. using in any manner Plaintiff's Registered Trademark or any other

names or marks that so resemble Plaintiff's Registered Trademark as to be likely to cause confusion, deception, or mistake; and

  b. committing or contributing to any acts calculated to cause purchasers to believe that any products that are not Plaintiff's are those sold under the control or supervision of Plaintiff, or are sponsored or approved or connected with, guaranteed by, or produced under the control and supervision of Plaintiff.

3. That Plaintiff be awarded Defendant's profits resulting from its willful infringement of Plaintiff's trademark rights;

4. That Plaintiff be awarded its actual damages as a result of Defendant's trademark infringement;

5. That damages resulting from Defendant's willful trademark infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117;

6. That Plaintiff be awarded punitive damages;

7. That Plaintiff be awarded its attorneys' fees and costs; and

8. That Plaintiff be awarded such other relief as may be appropriate.

DATED: May 18, 2014    SHIMOKAJI & ASSOCIATES, P.C.

            By: /Michael A. Shimokaji/
              Michael A. Shimokaji
              Attorney for Plaintiff

# JURY DEMAND

Pursuant to Rule 38(b), F. R. Civ. P., plaintiff hereby demands a jury trial on all issues triable by a jury.

DATED: May 18, 2014                    SHIMOKAJI & ASSOCIATES, P.C.

                                          By: /Michael A. Shimokaji/
                                               Michael A. Shimokaji
                                               Attorney for Plaintiff